UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSE ISRAEL MACHUCA DEL CID,

                Petitioner,

    v.

MARKWAYNE MULLIN et al.,

                Respondents.

Case No. C26-1271-SKV

ORDER PROVISIONALLY
GRANTING MOTION FOR A
TEMPORARY RESTRAINING
ORDER AND AMENDING THE
SCHEDULING ORDER

This matter comes before the Court on Petitioner's motion for a temporary restraining order ("TRO") and on Respondents' notice of intent to oppose. *See* Dkts. 9, 10. For the following reasons, the Court provisionally GRANTS Petitioner's motion for a TRO and AMENDS the briefing schedule in this matter to align briefing on the TRO motion and Petitioner's habeas petition's underlying merits.

## I.    <u>DISCUSSION</u>

Petitioner, a native and citizen of El Salvador, alleges he has been detained at the Northwest ICE Processing Center in Tacoma, Washington since March 6, 2026, when he was taken into custody during a regular check-in. *See* Dkt. 1 at 9. Petitioner, with the assistance of counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 seeking his release

ORDER PROVISIONALLY GRANTING MOTION
FOR A TEMPORARY RESTRAINING ORDER
AND AMENDING THE SCHEDULING ORDER -
1

on grounds that his detention is unlawfully indefinite and that his re-detention by Immigration and Customs Enforcement violated his due process rights and applicable regulations. *See* Dkt. 1 at 10-11. Following Respondents' filing of a Notice of Intent to Remove, Petitioner moved for a TRO prohibiting his removal. *See* Dkts. 8-9. Respondents filed a notice of intent to oppose the same. *See* Dkt. 10.

Petitioner raises serious questions going to the merits of his claim that his re-detention violated due process by, for instance, failing to comply with the regulations governing re-detention of noncitizens subject to an order of supervision. *See* Dkt. 9 at 5; *see also* 8 C.F.R. § 241.4(l); 8 C.F.R. § 241.13(i); *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (discussing the "sliding scale" approach to preliminary injunctive relief). Moreover, while Respondents indicate that Petitioner is scheduled for removal on April 18, 2026, they are barred from removing him to his native El Salvador because an Immigration Judge granted Petitioner withholding of removal to El Salvador. *See* Dkt. 8-1 at 1; Dkt. 1-3 at 2. Petitioner asserts that Respondents notified him that he will be removed to Mexico without affording him any process or a reasonable fear screening to assess whether danger posed by transnational gangs that justified withholding of his removal to El Salvador likewise precludes his removal to Mexico. *See* Dkt. 9 at 5. Respondents do not indicate in their Notice of Intent to Remove which country they intend to remove him to, or whether they have complied with the due process requirements for third country removals. *See Kumar v. Wamsley*, No. C25-2055-KKE, 2025 WL 3204724, at *2 (W.D. Wash. Nov. 17, 2025).

Therefore, to preserve the Court's jurisdiction over this matter pending resolution of the merits of Petitioner's claims, the Court will provisionally enjoin Petitioner's transfer or removal from the Western District of Washington until further order of the Court. *See A.A.R.P. v. Trump*,

ORDER PROVISIONALLY GRANTING MOTION
FOR A TEMPORARY RESTRAINING ORDER
AND AMENDING THE SCHEDULING ORDER -
2

605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve . . . jurisdiction over the matter.").

Additionally, rather than adjudicate the merits of Petitioner's claims via a TRO motion separate from the underlying petition, the Court will order Respondents to file a combined return to the petition and opposition to the TRO motion on an expedited basis—within one week of this Order. Petitioner will have five days to file his traverse or reply.

## II.    CONCLUSION

Accordingly, the Court ORDERS that:

(1) Petitioner's motion for TRO (Dkt. 9) is provisionally GRANTED.

    a. Respondents are PROHIBITED from removing Petitioner from the United States or this jurisdiction—the Western District of Washington—without further order of this Court.

(2) To facilitate efficient resolution of this case and the TRO motion, the briefing schedule on Petitioner's habeas petition is AMENDED as follows:

    a. Respondents shall file a return to the petition that also addresses issues raised by the TRO motion no later than April 22, 2026.

    b. Petitioner shall file a traverse or reply no later than April 27, 2026.

Dated this 15th day of April, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER PROVISIONALLY GRANTING MOTION
FOR A TEMPORARY RESTRAINING ORDER
AND AMENDING THE SCHEDULING ORDER -
3